## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF ARKANSAS
## WESTERN DIVISION

**STATE OF ARKANSAS ex rel.**
**DUSTIN McDANIEL, Attorney General**                    **PLAINTIFF**

**v.**                    **CASE NO. 4:09cv00485 BSM**

**GENERAL WARRANTY SERVICES, INC.**                    **DEFENDANT**

### ORDER

Plaintiff, the State of Arkansas ("Arkansas"), requests attorney fees and discovery sanctions. [Doc. Nos. 16, 17]. Defendant, General Warranty Services, Inc. ("GWS") has not responded. The motions are granted.

On July 7, 2009, Arkansas filed suit against GWS pursuant to the Telemarketing and Consumer Fraud and Abuse Prevention Act, the Telemarketing Sales Rule, the Telephone Consumer Protection Act, the Arkansas Consumer Telephone Privacy Act, the Caller Identification Blocking by Telephonic Sellers Act, the Arkansas Deceptive Trade Practices Act, and Arkansas Code Annotated § 5-63-204. GWS filed its answer on September 28, 2009.

Arkansas moved to compel discovery on January 12, 2010, when GWS failed to respond to its discovery request. The motion was granted and GWS was directed to provide responses to outstanding discovery by March 8, 2010. The order also directed Arkansas to file a petition for attorneys fees and costs associated with its motion to compel. GWS failed to comply with the order and on March 10, 2010, Arkansas moved for sanctions.

While there is "no fixed formula" for determining reasonable attorney fees, factors

to consider include: "1) experience and ability of counsel; (2) the time and labor required to perform the legal service properly; (3) the amount involved in the case and the results obtained; (4) the novelty and difficulty of the issues involved; (5) the fee customarily charged in the locality for similar services; (6) whether the fee is fixed or contingent; (7) the time limitations imposed upon the client or by the circumstances; and (8) the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer." *South Beach Beverage Co., Inc. v. Harris Brands, Inc.,* 355 Ark. 347, 356 (2003).

Arkansas is awarded its fees in the amount of $1350. The time spent preparing the motion to compel is reasonable. The hourly rates claimed by legal counsel are reasonable because they are in line with the prevailing market rate. In support of its request for $1350 in attorney fees, Arkansas submits the affidavits of Bradford J. Phelps ("Phelps") and Kevin Wells ("Wells"). Phelps's affidavit states that he is a senior assistant attorney general and that he spent five hours preparing the motion to compel at a rate of $200 an hour. Wells's affidavit states that he is an assistant attorney general and that he spent two hours preparing the motion to compel at a rate of $175 an hour.

Now, the question is what sanction is appropriate for GWS's failure to comply with the order compelling discovery. Having considered a number of less draconian sanctions, it is hereby determined that GWS has willfully failed to respond to Arkansas's discovery requests and has willfully failed to comply with the order to compel, thus prejudicing Arkansas. For those reasons, its answer is stricken and default judgment is entered for

2

Arkansas on the issue of liability.  This is the case because Federal Rule of Civil Procedure 37(b)(2)(A) provides that a party failing to obey an order compelling discovery is subject to an order:

> (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
>
> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
>
> (iii) striking pleadings in whole or in part;
>
> (iv) staying further proceedings until the order is obeyed;
>
> (v) dismissing the action or proceeding in whole or in part;
>
> (vi) rendering a default judgment against the disobedient party; or
>
> (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

"In order to impose sanctions under Rule 37, there must be an order compelling discovery, a willful violation of that order, and prejudice to the other party." *Chrysler Corp. v. Carey*, 186 F.3d 1016, 1019 (8th Cir. 1999).  Although granting a default judgment as a discovery sanction should normally be avoided, it is appropriate when a party willfully fails to comply with discovery.  *Comiskey v. JFTJ Corp.*, 989 F.2d 1007, 1009 (8th Cir. 1993) (quoting *Societe Internationale v. Rogers*, 357 U.S. 197, 212 (1958)).  "The test generally applied in determining whether the District Judge abused his discretion in dismissing claims as a discovery sanction is whether the discovery abuse was in bad faith or deliberately intentional or willful." *Boogaerts v. Bank of Bradley*, 961 F.2d 765, 768 (8th Cir. 1992).

3

The record indicates that GWS has deliberately failed to provide discovery and has deliberately failed to comply with the order compelling discovery.  This willful failure to comply has prejudiced Arkansas.  Consequently, GWS's answer is stricken and a default judgment is entered for Arkansas on the issue of liability.  GWS is permanently enjoined from: (1) placing telemarketing calls to Arkansas residents enrolled in the national "Do-Not-Call" registry maintained by the Federal Trade Commission; (2) causing to be displayed a fictitious or misleading telephone number on Arkansas residents' telephone caller identification services; and (3) utilizing an automated system for the selection and dialing of telephone numbers and the playing of recorded messages in the sale or attempted sale of goods and services.  Arkansas is directed to contact Betty Tyree, the courtroom deputy clerk, to schedule a hearing on the issue of fines and damages.

IT IS SO ORDERED this 27th day of April, 2010.

_____
UNITED STATES DISTRICT JUDGE